735 F.2d 217
 1984-2 Trade Cases 66,128
 Chester A. WILK, D.C.; James W. Bryden, D.C.; Patricia A.
Arthur, D.C.; Steven G. Lumsden, D.C.; and
Michael D. Pedigo, D.C., Plaintiffs-Appellants,
v.
AMERICAN MEDICAL ASSOCIATION; American Hospital
Association; American College of Surgeons; American
College of Physicians; Joint Commission on Accreditation of
Hospitals; American College of Radiology; American Academy
of Orthopaedic Surgeons; Illinois State Medical Society;
H. Doyl Taylor; Joseph A. Sabatier, M.D.; H. Thomas
Ballantine, M.D.; James H. Sammons, M.D., Defendants-Appellees.
 No. 81-1331.
 United States Court of Appeals,
Seventh Circuit.
 Argued Jan. 20, 1982.
Decided Oct. 25, 1983.
Certiorari Denied May 21, 1984.
See 104 S.Ct. 2398, 2399.
 
 1
 Before SWYGERT, Senior Circuit Judge, SPRECHER, Circuit Judge,* and JAMES E. DOYLE, Senior District Judge.**
 
 ORDER
 
 2
 In an opinion entered September 19, 1983, 719 F.2d 207, we addressed the contention made by each of five organization defendants (the Joint Commission on Accreditation of Hospitals (JCAH), the American Hospital Association (AHA), the American College of Physicians (ACP), the American College of Surgeons (ACS), and the Illinois State Medical Society (ISMS): that its motion for a directed verdict had been erroneously denied by the district court; that the evidence was insufficient to support a jury finding that the particular defendant organization was a member of a conspiracy; and that the judgment of dismissal as to it should be affirmed even if the judgment in favor of other defendants were to be reversed on one ground or another. We now address a similar contention which was advanced by defendant-appellee, the American Academy of Orthopoedic Surgeons (AAOS).
 
 
 3
 At the close of the plaintiffs' evidence and again at the close of all the evidence, AAOS moved for a directed verdict in its favor. Rulings were reversed. Following the return of the verdict in favor of all defendants, the district court denied the motions, without comment. An indication of the district court's view appears in an evidentiary ruling made on the third day of trial. Based on the pleadings, on all the motions which had previously been filed (including motions for summary judgment), and on "everything that the court has considered in this case," the district court determined that there was evidence that there had been "a conspiracy among all of the defendants," and that this evidence was sufficient to permit use against all the defendants of statements made by any of them in furtherance of the conspiracy.
 
 
 4
 Viewing the evidence concerning AAOS' participation most favorably to the plaintiffs, it was sufficient to permit a reasonable jury to find as fact those matters set forth below under the heading "FACTS."FACTS
 
 
 5
 In the early 1960's, David Stevens, an orthopaedic surgeon practicing in Kentucky, became particularly interested in what he perceived as problems relating to chiropractors. In 1966 or 1967, he drafted a resolution for presentation to the Kentucky Medical Association, condemning chiropractic. Before presenting the proposed resolution, he submitted it to the AMA legal staff for its suggestions. A Robert Youngerman, an AMA lawyer, suggested striking a reference to furthering the elimination of chiropractic. Youngerman commented that such language might bear monopolistic overtones and that it could be omitted without changing the intent. Stevens accepted the suggestion. The result was a proposed resolution affirming the position adopted by the AMA House of Delegates in 1966 that chiropractic is an unscientific cult. Such a resolution bore considerable significance when related to AMA's Principle 3, which condemned professional association with anyone who violates the principle that a method of healing should be founded on a scientific basis. The effect of the resolution was expressly to identify chiropractors as persons with whom medical doctors should refrain from associating. The Kentucky group approved the resolution. Then, in January 1967, Stevens, a member of AAOS, attended a meeting of the AAOS membership in San Francisco. Youngerman also attended. The Kentucky resolution was presented to the AAOS membership by Stevens and was approved. In 1968 Stevens became a member of the AMA Committee on Quackery and remained a member until 1974.
 
 
 6
 As of 1967 and continuing until 1980, AAOS members were required to abide by the AMA's principles of ethics.
 
 
 7
 AAOS coordinated its activities on the subject of chiropractic with AMA's Committee on Quackery and with ACS.
 
 
 8
 The present lawsuit was commenced in 1976. In 1978 AAOS expressed the view that Principle 3 forbids a medical doctor from accepting referral of a patient by a chiropractor and reporting back to the chiropractor.
 
 CONCLUSIONS OF LAW
 
 9
 In our September 19, 1983 opinion we set forth the evidence from which a reasonable jury could have found the existence of a conspiracy. AAOS contends that the activities allegedly establishing its participation in the conspiracy were protected by the first amendment, and that the remainder consisted simply of adopting an ethical principle (AMA Principle 3). AAOS contends that in any event the evidence of its membership in the conspiracy was too thin.
 
 
 10
 As we have determined in our September 19, 1983 opinion, the jury was properly instructed on the first amendment issues. It could properly have found that certain conduct by various defendants, including AAOS, was constitutionally protected. However, the evidence permitted the jury to find: that there was communication between the AMA and AAOS on the subject of chiropractic; that this communication revealed acquiescence by AAOS in the AMA view that chiropractic is unscientific cultism; and that by adopting the essence of the 1966 AMA policy statement, in combination with AMA's Principle 3, AAOS endeavored to discourage medical doctors from professional association with chiropractors. Had a reasonable jury made these findings, the findings were sufficient to permit, although not to require, a finding that AAOS knew that concerted action in a scheme was contemplated and invited and that AAOS acquiesced and participated in that scheme. Such a finding would have provided sufficient footing for liability in this civil antitrust action. See Theatre Enterprises, Inc. v. Paramount Film Distributing Corp., 346 U.S. 537, 540, 74 S.Ct. 257, 259, 98 L.Ed. 273 (1954); Interstate Circuit, Inc. v. United States, 306 U.S. 208, 226-227, 59 S.Ct. 467, 474-475, 83 L.Ed. 610 (1939). Even in a criminal case, "[o]nce the conspiracy has been established, slight evidence is needed to connect a particular participant." United States v. Consolidated Packaging Corp., 575 F.2d 117, 126 (7th Cir.1978). It is not necessary that the particular acts of a member be wrongful, absent a conspiracy, but only that they reveal the intent to participate in an unlawful enterprise.
 
 
 11
 AAOS points to evidence that one of its members had had professional relations with chiropractors in treating sports injuries, and to a stipulation in evidence that AAOS had never conducted even an investigation of any member for infraction of any ethical principle and thus, of course, had never visited any sanction upon a member for such an infraction. However, as stated in our September 19, 1983 opinion, the jury was free to consider the power which a professional association's ethical strictures exert on its members, even in the absence of coercive enforcement.
 
 
 12
 The district court did not err in denying AAOS' motions for a directed verdict in its favor.
 
 ORDER
 
 13
 We reaffirm, as to defendant-appellee American Academy of Orthopaedic Surgeons, our order of September 19, 1983 reversing the judgment appealed from and remanding for a new trial.
 
 
 
 *
 Judge Sprecher heard oral argument and participated in the conference which followed. He died May 15, 1982, and did not participate in the preparation or approval of this order
 
 
 **
 James E. Doyle, Senior United States District Judge for the Western District of Wisconsin, is sitting by designation